UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RUEL NIETO, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 18-cv-06605 |
| v. | ) ) | |
| ARS NATIONAL SERVICES, INC., | ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT-CLASS ACTION**

Plaintiff, Ruel Nieto, on behalf of herself and a putative class, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2.  Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

**STANDING**

3.  Defendant sent Plaintiff a collection letter that failed to identify the current creditor of the alleged debt Defendant was attempting to collect in violation of the FDCPA.

4.  Plaintiff has a congressionally defined right to receive all communications from a debt collector with adequate disclosure of her rights under the law. *E.g. Genova v. IC Sys., Inc.*, No. CV 16-5621, 2017 WL 2289289, at *3 (D.N.J. May 25, 2017).

5.  Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6. Plaintiff, Ruel Nieto, ("Plaintiff"), is a resident of the state of Illinois from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted credit card account. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA and a "debtor" as defined in 225 ILCS 425/2 of the ICAA.

7. Defendant ARS National Service Inc. ("ARS") is a California corporation that does or transacts business in Illinois. Its registered agent and office is Illinois Corporation Service Company, located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703. (Exhibit A, Record from Illinois Secretary of State).

8. ARS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. ARS is a licensed collection agency in the State of Illinois. (Exhibit B, Record from the Illinois Department of Financial and Professional Regulation).

10. ARS regularly collects or attempts to collect debts owed or due to another, and is therefore it is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA and a "collection agency" as defined in 225 ILCS 425/2 of the ICAA.

**FACTUAL ALLEGATIONS**

11. According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal purposes, originally for a consumer credit card account ("alleged debt"). The alleged debt is a "debt" as that term is defined at § 1692a(5) of the FDCPA and "consumer debt" as defined in 225 ILCS 425/2 of the ICAA.

12. Due to her financial circumstances, Plaintiff could not pay any debts, and the alleged debt went into default.

13. ARS subsequently began collecting the alleged debt.

14. On or about September 27, 2017, ARS sent a collection letter ("Letter") directly to Plaintiff regarding the alleged debt. (Exhibit C, Collection Letter).

15. The Letter conveyed information regarding the alleged debt, including an account number and balance due on the alleged debt.

16. The Letter was thus a "communication" as that term is defined at § 1692a(2) of the FDCPA.

17. The Letter was the initial communication to Plaintiff.

18. The Letter lists a "Creditor" as "Comenity Capital Bank." (Exhibit C).

19. The Letter then states is "[I]n reference to your PayPal Credit account."

20. The Letter states then states that Paypal has hired ARS to resolve the debt.

21. It is not clear to which entity the debt is owed.

22. The Letter further directs Plaintiff to send payments and correspondence to ARS and lists an address and phone number for ARS.

23. The Letter does not identify which company, of the three companies listed in the Letter, is the current creditor.

24. A simple statement that one of the companies was the "current creditor," or that the debt was owed to such party, would have sufficed to identify effectively the name of the creditor to whom the debt was then owed.

25. 15 U.S.C. § 1692g of the FDCPA provides as follows:

> **(a) Notice of debt; contents**
>
> **Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**
>
> **. . . (2) the name of the creditor to whom the debt is owed. . . .**

26. ARS has failed to effectively state the name of the current creditor, in violation of 15 U.S.C. § 1692g(a)(2). *See Braatz v. Leading Edge Recovery Sols., LLC*, No. 11 C 3835, 2011 WL 9528479, at *1 (N.D. Ill. Oct. 20, 2011); *Walls v. United Collection Bureau, Inc.*, No. 11 C 6026, 2012 WL 1755751, at *2 (N.D. Ill. May 16, 2012).

27. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## CLASS ALLEGATIONS

28. Plaintiff brings this action on behalf of a class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

29. The class consists of (a) all individuals with Illinois addresses (b) who were sent a letter by Defendant to collect a debt (c) which referenced Comenity Bank and PayPal (d) which was an initial communication (e) and which was sent at any time during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

4

30. As Exhibit C is a form letter, and therefore likely sent out to many consumers in Illinois, the class is so numerous that joinder of all members is not practicable.

31. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

    a. Whether Defendant's letter properly identifies the current creditor;

    b. Whether any alleged failure to do so violates the FDCPA.

32. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

32. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

33. A class action is superior for the fair and efficient adjudication of this matter, in that:

    A. Individual actions are not economically feasible.

    B. Members of the class are likely to be unaware of their rights;

    C. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

## COUNT I—FDCPA CLASS CLAIM

34. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

35. ARS has failed to effectively state the name of the current creditor to whom the debt is owed, in violation of 15 U.S.C. § 1692g(a)(2).

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendant as follows:

A. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

C. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Michael J. Wood
One of Plaintiff's Attorneys

Celetha Chatman
Michael Wood
**Community Lawyers Group. Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com